**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | | | |
|---|---|---|---|
| BERTRAND BRIERE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | |
| | ) | | |
| RUSH UNIVERSITY MEDICAL CENTER | ) | | |
| and MONICA ROVER, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT

### COUNT I –
**Title VII of the Civil Rights Act of 1964, as Amended by the Civil Rights Act of 1991**

The Plaintiff BERTRAND BRIERE (hereinafter referred to as "BRIERE") and for his complaint against the Defendant RUSH UNIVERSITY MEDICAL CENTER (hereinafter referred to as "RUSH") states:

1.     This action is brought for damages sustained by BRIERE by reason of RUSH's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.     At all times relevant hereto, BRIERE was and is a citizen of the United States, a resident of the Northern District of Illinois and is a gay male.

3.     At all times relevant hereto, RUSH was and is a not-for-profit corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 1620 W. Harrison, Chicago, Illinois 60612.

4.      At all times relevant hereto, RUSH was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.      This Court has jurisdiction pursuant to 28 USC §1343 and §1331.

6.      Venue is appropriate in this Court pursuant to 28 USC §1391 since the complained of conduct occurred in this District.

7.      On or about May 1, 2020, BRIERE was hired by RUSH University Medical Center to the position of Manager, Core Laboratory.

8.      Up to the time of his termination, BRIERE received favorable reviews and commendations concerning his work performance from his superiors at RUSH.

9.      At all times relevant hereto, it was the policy of RUSH not to discriminate against an employee on the basis of his or her sex, including sexual orientation.

10.     Nevertheless, commencing in early July, 2020, BRIERE was discriminated against because of his sexual orientation.

11.     At all times relevant hereto, RUSH knew that BRIERE was gay.

12.     In early July, 2020, while at a dinner with supervisors in his department, Monica Rover, Supervisor, who reported to BRIERE, made a derogatory comment to him that she could tell that BRIERE was gay from a mile away.

13.     Moreover, in November, 2020, BRIERE attended the exit interview for Erin Wilgus, who was leaving RUSH.

14.     At this interview, Erin Wilgus indicated that she did not approve of his gay lifestyle.

15.     BRIERE reported both of these events to an investigator for RUSH.

16.     No action was taken whatsoever by RUSH.

17.     Instead, in late November or early December, 2020, RUSH conducted an investigation of BRIERE based on a false allegation made by Monica Rover that he reprimanded her for using foul language.

18.     Ms. Rover claimed that BRIERE made improper racial statements against her which was blatantly false.

19.     On December 10, 2020, BRIERE was notified that he had purportedly created a hostile work environment with regard to Ms. Rover and that BRIERE was terminated immediately for allegedly creating this environment.

20.     The claimed reason offered by RUSH for terminating BRIERE was nothing more than a pretext for the discrimination committed against him on the basis of his sexual orientation since he did not violate RUSH's anti-harassment policy and did not engage in any conduct that would warrant his termination.

21.     Since BRIERE did not engage in any conduct that would warrant his termination, RUSH has, therefore, discriminated against him because of his sexual orientation in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e-2)(a)(1), as amended by the Civil Rights Act of 1991.

22.     On February 17, 2021, the Equal Employment Opportunity Commission received BRIERE's charge of discrimination.

23.     Pursuant to BRIERE's request, on July 7, 2021, the Equal Employment Opportunity Commission issued BRIERE a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

3

24.     Less than ninety days have expired since BRIERE's receipt of this notice of right to sue.

25.     RUSH's violation of BRIERE's civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused BRIERE pecuniary damages.

WHEREFORE the Plaintiff BERTRAND BRIERE requests that this Court enter judgment in his favor and against the Defendant RUSH UNIVERSITY MEDICAL CENTER as follows:

a.      Enjoining RUSH from engaging in such unlawful employment practices as alleged in this complaint;

b.      Requiring RUSH to reinstate BRIERE to his position at a rate of pay comparable to what he would have been receiving if not for the civil rights violations committed against him by RUSH.

c.      Making BRIERE whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by RUSH.

d.      Alternatively, in the event that RUSH is unwilling to reinstate BRIERE, BRIERE should be awarded front pay.

e.      Awarding BRIERE attorney's fees, costs and pre-judgment interest pursuant to 42 U.S.C. § 2000(e-5)(k).

f.      Awarding BRIERE compensatory and punitive damages in an amount in excess of $50,000.00.

4

g.   Awarding BRIERE punitive damages in an amount to be proven at trial.

h.   Awarding BRIERE such other further relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

## COUNT II -
### Defamation

The Plaintiff BERTRAND BRIERE (hereinafter referred to as "BRIERE") and for his complaint against the Defendant MONICA ROVER (hereinafter referred to as "ROVER") states:

1.   At all times relevant hereto, BRIERE was and is a citizen of the United States and is a resident of the Northern District of Illinois and is a gay male.

2.   At all times relevant hereto, ROVER was and is a citizen of the United States and is a resident of the Northern District of Illinois.

3.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.   Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this District.

5.   BRIERE repeats, realleges and incorporates paragraphs 7 and 8 of Count I as paragraphs 6 and 7 of Count II.

8.   Between October 1, 2020 and November 25, 2020, ROVER advised members of the Compliance Department at RUSH that BRIERE called her a "nappy headed little biotch" and a "monkey".

5

9.  ROVER knew at the time that she made these statements to RUSH that they were false.

10.  ROVER was not privileged to make these false and defamatory statements about BRIERE since she did not make them for the welfare of any group.

11.  Rather, they were made solely for the purpose of harming BRIERE.

12.  ROVER concocted these false and defamatory statements without any substantiation and never investigated the source to confirm the accuracy of these defamatory statements.

13.  As a direct and proximate result of ROVER's false and defamatory statements, BREIRE was terminated on December 10, 2020.

WHEREFORE the Plaintiff BERTRAND BRIERE requests that this Court enter judgment in his favor and against the Defendant MONICA ROVER as follows:

a.  Awarding BRIERE compensatory damages in an amount in to be determined at trial for ROVER's false, malicious and defamatory statements.

b.  Awarding BRIERE punitive damages in an amount to be determined at trial for ROVER's false, malicious and defamatory statements.

c.  Awarding BRIERE costs and whatever further relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

## COUNT III –
## Intentional Interference with Existing Business Relationship

The Plaintiff BERTRAND BRIERE (hereinafter referred to as "BRIERE") and for his complaint against the Defendant MONICA ROVER (hereinafter referred to as "ROVER") states:

1-10.   BRIERE repeats, realleges and incorporates by reference paragraphs 1 through 10 of Count II as paragraphs 1 through 10 of Count III.

11.     At all times relevant hereto, ROVER was aware that BRIERE was employed by RUSH.

12.     Between October 1, 2020 and November 25, 2020, ROVER advised members of the Compliance Department at RUSH that BRIERE called her a "nappy headed little biotch" and a "monkey".

13.     These false statements were made to RUSH and were done intentionally, maliciously and without justification to induce RUSH to terminate BRIERE from employment.

14.     ROVER engaged in such conduct for the purpose of harming BRIERE.

15.     ROVER's comments were intentional and unjustified and were undertaken in conscious disregard of the irreparable harm that it would cause BRIERE.

16.     ROVER was not privileged to make the above comments since she rendered them solely for the purpose of harming BRIERE.

17.     As a direct and proximate result of ROVER's false statements, on December 10, 2021, BRIERE was notified by RUSH that he had purportedly created a

hostile work environment with regard to ROVER and that he was terminated immediately.

18.    ROVER's wrongful acts have directly jeopardized BRIERE's occupation and, therefore, have injured and damaged him in an amount in excess of $50,000.00.

WHEREFORE the Plaintiff BERTRAND BRIERE requests that this Court enter judgment in his favor and against the Defendant MONICA ROVER as follows:

      a.    Awarding BRIERE compensatory damages in an amount in to be determined at trial;

      b.    Awarding BRIERE punitive damages in an amount to be determined at trial; and

      c.    Awarding BRIERE costs and whatever further relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

Respectfully submitted,

/s/Joel F. Handler
JOEL F. HANDLER (#1115812)
One E. Wacker Drive, Suite510
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Plaintiff,
BERTRAND BRIERE